**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Jay Boersma, | ) | No. CV-11-1522-PHX-DGC |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| BMO Harris Bank, N.A., | ) | |
| Defendant. | ) | |

Defendant BMO Harris Bank, N.A. has filed a motion to dismiss. Doc. 10. Defendant has also filed a motion for summary disposition. Doc. 15. For the reasons set forth below, the Court will grant the motions.

**I.     Background.**

Plaintiff commenced this action by filing a complaint against Defendant in state court on August 2, 2011. Defendant removed the action to this Court on August 4, 2011. Doc. 1.

Defendant filed a motion to dismiss on September 1, 2011 pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Doc. 10. Defendant argues that Plaintiff has failed to state a claim upon which relief can be granted. Defendant seeks dismissal of the complaint with prejudice. *Id.*

**II.    Failure to Respond.**

Pursuant to Local Rule 7.2(c), Plaintiff was required to file a response to the motion by September 19, 2011. LRCiv 7.2(c); *see* Fed. R. Civ. P. 6(a). Plaintiff has not responded to the motion. The Court advised Plaintiff by order dated September 26, 2011 that Plaintiff

1  must file a response to the motion to dismiss on or before October 7, 2011.  Plaintiff failed
2  to respond to the motion to dismiss.

3  Local Rule 7.2(i) provides that if a defendant files a motion to dismiss and the plaintiff
4  "does not serve and file the required answering memoranda . . . such non-compliance may
5  be deemed a consent to the . . . granting of the motion and the Court may dispose of the
6  motion summarily."  LRCiv 7.2(i).  Before dismissing a case for failure to prosecute or
7  follow a local rule, the Court must weigh five factors:  (1) the public's interest in expeditious
8  resolution of litigation, (2) the Court's need to manage its docket, (3) the risk of prejudice
9  to the defendant, (4) the public policy favoring disposition of cases on their merits, and (5)
10 the availability of less drastic sanctions.  *See Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir.
11 1995) (citing *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).

12 The first two factors favor dismissal.  Plaintiff was served with Defendant's motion
13 on September 1, 2011.  *See* Doc. 10 at 12.  Plaintiff has had ample time to respond to the
14 motion, but has failed to do so.  Because the Court and the public have a strong interest in
15 judicial efficiency and the prompt resolution of litigation, Plaintiff's failure to prosecute this
16 action weighs in favor of dismissal.  The risk of prejudice to Defendant also weighs in favor
17 of dismissal.  Defendants forced to incur expenses and defend themselves in court are
18 prejudiced by a plaintiff's failure to respond to motions or prosecute the case in a timely and
19 efficient manner.  The fourth factor, as always, weighs against dismissal.  As for the fifth
20 factor, the Court concludes that a dismissal with prejudice would be unduly harsh.  Dismissal
21 without prejudice is, however, an appropriate alternative sanction in light of Plaintiff's
22 complete failure to prosecute this action since its removal to this Court.  Because the overall
23 five-factor analysis favors dismissal, the Court will deem Plaintiff's lack of response a
24 consent to the granting of Defendant's motions.  *See* LRCiv 7.2(i); *Ghazali*, 46 F.3d at 54
25 (holding that district court did not err in summarily granting the defendants' motion to
26 dismiss pursuant to a local rule where the plaintiff had time to respond to motion but failed
27 to do so).

28

**IT IS ORDERED:**

1. Defendant's motion to dismiss (Doc. 10) is **granted**. The claims against Defendant are **dismissed without prejudice**.
2. Defendant's motion for summary disposition (Doc. 15) is **granted**.
3. The clerk is directed to **vacate all pending hearings and terminate** this action.

DATED this 24th day of October, 2011.

David G. Campbell
United States District Judge